*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-327

MARCH TERM, 2011

| | | |
|---|---|---|
| Robert Merriam | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 05-10-033-05 |


In the above-entitled cause, the Clerk will enter:

Claimant appeals the Employment Security's Board's decision denying him unemployment benefits for a specified week. We affirm.

Claimant first applied for and received unemployment benefits in November 2009. He continued to receive benefits through the weeks ending March 27, 2010 and April 3, 2010. Claimant began full-time work on Monday, April 12, 2010. He was denied benefits for the week ending on April 10, however, because he failed to file a claim for that week within the timeframe set forward in Board Rule 13. See 21 V.S.A. § 1346(a) (stating that "[c]laims for benefits shall be made in accordance with such regulations as the board may prescribe"). That Rule requires claimants to file for benefits during the week immediately following a week of eligibility, and also gives the Commissioner of the Department of Labor the discretion to allow an additional week to file a claim for that week. In this case, claimant did not file his claim for the week ending April 10 until April 26, beyond the two-week time period allowed under the Rule. For this reason, the claims adjudicator denied claimant benefits for the week ending April 10. Claimant appealed to the administrative law judge, but failed to appear for the hearing before the judge, who upheld the claims adjudicator's decision. On further appeal, the Board upheld the administrative law judge's decision.

On appeal to this Court, claimant states that on April 12, his first day of full-time employment, he tried to call the Department to file a claim for the week ending on April 10 but was stuck on hold for over twenty minutes on at least two occasions before losing service or having to return to work. He also states that he tried to reach the Department on an unspecified third occasion but received a recorded message indicating that telephonic service was not available because of technical difficulties. Based on this experience, claimant argues that the Department's policies, procedures, and lack of resources—which allow both telephonic and online filing—are unnecessarily restrictive and place an undue burden on claimants like him. He notes that he had trouble reaching the Department on two prior occasions involving other weeks of eligibility for which he received benefits, and he asks this Court to require the Department to make available recordings that will document his previous calls expressing frustration at the system.

For the following reasons, claimant's appeal is unavailing. First, claimant failed to appear at the hearing before the administrative law judge to create a record that would support the notion that he was effectively precluded from filing a claim for the week ending April 10. Second, claimant's statement that he was put on hold for twenty minutes on two occasions during one day and was unable to reach the Department on one other unspecified occasion because of technical difficulties with the Department's telephone service does not demonstrate that he was effectively precluded, during the two-week period allowed by the Rule, from filing his claim for the week ending April 10. Nor does his statement demonstrate the existence of systemic flaws in the Department's benefits-filing procedures that make it impossible or unreasonably burdensome to file claims. Accordingly, we find no basis to overturn the Board's decision or grant claimant's request that we order the Department to turn over recordings of previous telephone calls he made to the Department involving previous weeks of eligibility for which he received benefits. See Harrington v. Dep't of Emp't Sec., 142 Vt. 340, 344 (1982) (in reviewing appeal, this Court "construe[s] the record in a manner most favorable to the Board's conclusions").

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice